ROGERS *vs.* HOLLEY.

In a suit against an executor, where a report of referees is made in favor of the plaintiff, though the court may not consider it a fit case to award costs in favor of the plaintiff, yet they will allow him to take judgment for the interest of the sum reported due in the same manner as if costs had been awarded, where he has been delayed by the defendant in entering judgment by a motion to set aside the report.

THIS was an action of *assumpsit*, against the defendant as an *executor*. The cause was referred and a report made in favor of the plaintiff, which the defendant attempted to set aside on the merits. Whilst the application for that purpose was pending, the plaintiff was stayed from entering judgment. After a considerable lapse of time, the motion to set aside the report was heard and denied, and judgment rendered for the sum reported. The plaintiff then made a *special application* for *costs*, which was not granted, the court being of opinion that it was not a case in which costs ought to be awarded. The plaintiff at a subsequent term asked for a rule that he be permitted, besides taking judgment for the *sum reported due* by the referees, to enter upon the roll a judgment for the *amount of interest* accrued upon the sum reported due, *in the same manner as if costs had been awarded* to the plaintiff upon the special application formerly made by him. This, it was insisted, he was entitled to, for the reason that if this was an ordinary case in which costs followed the recovery, it would be *of course* for the taxing officer to add the interest in the taxation of the costs; but here there were no costs to be taxed, and consequently there was no mode in which the interest could be recovered without a special order of the court. The giving of costs in cases *against executors* resting in the discretion of the court, if the court granted the rule, the propriety of granting it could not be questioned in any other court, as the exercise of the discretion of this court could not be reviewed, and therefore the motion ought to prevail.

A rule was ORDERED to be entered that the plaintiff have leave in the record of judgment to be made up by him, to *take judgment for the interest* of the sum reported due by the referees, *the same as for costs ;* but that costs of suit should not be taxed against the defendant.*

<div align="right">
ALBANY,
Feb. 1839.

---

*Decided 7th December, 1837.